IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FABION ROBERSON, Individually,**                                                     **PLAINTIFF**
**and on behalf of all Wrongful Death**
**Beneficiaries of Mella R. Lartheridge,**
**Deceased**

**V.**                                                                                              **NO. 4:20-CV-174-DMB-JMV**

**RESPIRONICS, INC. d/b/a Philips**
**Respironics; SCOTT NELSON, M.D.;**
**and JOHN DOES 1-10**                                                         **DEFENDANTS**

**ORDER**

On April 29, 2019, Fabion Roberson filed a complaint in the Circuit Court of Bolivar County, Mississippi, against Respironics, Inc. d/b/a Philips Respironics, Scott Nelson, M.D., and "John Does 1-10." Doc. #2. Roberson voluntarily dismissed Nelson without prejudice on September 9, 2020. Doc. #9-28. On October 6, 2020, Respironics, asserting diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi.[1] Doc. #1. The notice of removal states that "Respironics is a citizen of Delaware/Pennsylvania" and "is a Delaware limited liability company … with its principal place of business at 1010 Murry Ridge Lane, Murrysville, Pennsylvania 15668." *Id.* at 6.

A federal court has "a continuing obligation to assure itself of its own jurisdiction, sua sponte if necessary." *United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (5th Cir. 2019). With respect to the citizenship of a limited liability company, "a party must specifically allege the citizenship of every member of [a] LLC." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929

---

[1] In its notice of removal, Respironics alleges that the case became removable once Nelson was dismissed because only diverse parties remain in the case and that removal is timely because it was "filed within 30 days of becoming removable." Doc. #1 at 1–2. Roberson disputes the timeliness of the removal in his motion to remand. Doc. #5 at 1.

F.3d 310, 314 (5th Cir. 2019) (internal quotation marks omitted). While Respironics asserts that it is a citizen of Delaware and Pennsylvania, such is insufficient to allege its citizenship because it does not provide the citizenship of its members, as is required to establish the citizenship of a limited liability company. *See Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020) ("To adequately allege the citizenship of … a limited liability corporation, Smith needed to 'specifically allege the citizenship of every member of every LLC or partnership involved in a litigation.'") (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)). Because the notice of removal fails to identify the members of Respironics and the citizenship of each member, diversity jurisdiction has not been established. *See MidCap*, 929 F.3d at 313–14 ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings. … [B]ecause MidCap is an LLC, the pleadings needed to identify MidCap's members and allege their citizenship.").

Accordingly, within seven (7) days of this order, Respironics, as the party asserting diversity jurisdiction, may file an amendment to the notice of removal pursuant to 28 U.S.C. § 1653 only to cure the deficient allegations of its citizenship.[2] If it fails to do so, this action will be remanded for lack of jurisdiction.

**SO ORDERED**, this 20th day of November, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Respironics, Inc. must show that diversity of citizenship existed at the time of removal. *See Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) ("When removal is based on diversity of citizenship, diversity must exist at the time of removal.").