IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FABION ROBERSON, Individually,**                                                            **PLAINTIFF**
**and on behalf of all Wrongful Death**
**Beneficiaries of Mella R. Lartheridge,**
**Deceased**

**V.**                                                           **NO. 4:20-CV-174-DMB-JMV**

**RESPIRONICS, INC. d/b/a Philips**
**Respironics; SCOTT NELSON, M.D.;**
**and JOHN DOES 1–10**                                                     **DEFENDANTS**

## ORDER

After Fabion Roberson dismissed Scott Nelson from this product liability action commenced in state court, Respironics removed the case based on diversity jurisdiction. Roberson contends remand is required because Respironics' notice of removal is untimely under 28 U.S.C. § 1446(c)(1). Respironics counters that Nelson, the non-diverse defendant, was improperly joined; that such improper joinder equates to bad faith by Roberson to prevent removal; and that either improper joinder or bad faith overcomes § 1446(c)(1)'s one-year removal time bar. Because Respironics has failed to meet its burden to show Roberson acted in bad faith to prevent removal, remand will be granted.

### I
### Background and Procedural History

On April 29, 2019, Fabion Roberson, individually and on behalf of the wrongful death beneficiaries of Mella R. Lartheridge, filed a complaint in the Circuit Court of Bolivar County, Mississippi, against Respironics, Inc., Scott Nelson, and "John Does 1–10." Doc. #2. The complaint alleges that on February 28, 2017, a "flash fire" occurred in Lartheridge's apartment due to an oxygen saturated environment caused by an oxygen concentrator manufactured by

Respironics and prescribed by Nelson. *Id.* at 3. Lartheridge was burned during the incident and succumbed to her injuries on March 20, 2017. *Id.* at 4. The complaint asserts a "product liability – failure to warn" claim against Respironics, *id*. at 4–5, and a medical negligence claim against Nelson, *id*. at 5–6.

Nelson answered the complaint on May 24, 2019, and Respironics answered on June 24, 2019. Docs. #9-4, #9-8. On August 26, 2019, Nelson filed a motion to dismiss on the ground that the applicable two-year statute of limitations expired before the suit was filed. Doc. #9-14. Roberson filed an opposition to the motion on September 23, 2019. Doc. #9-15.

On December 30, 2019, Roberson propounded interrogatories and requests for production of documents on Respironics. *See* Doc. #9-17. Respironics responded to Roberson's discovery requests on April 24, 2020. *See* Doc. #9-19. On June 1, 2020, Roberson made his expert designations, including an expert who opined regarding the claims against Nelson. Doc. #9-21.

On June 5, 2020, Roberson moved to modify the deadlines set forth in an April 13, 2020, scheduling order because:

> Plaintiffs propounded discovery to Defendant Respironics, Inc. on December 30, 2019. Respironics did not respond to Plaintiff's discovery requests until April 24, 2020. Unfortunately, Plaintiffs have been unable to conduct depositions subsequent to receiving Respironics' discovery responses due to the coronavirus pandemic. On May 12, 2020, the undersigned requested counsel for Dr. Nelson provide him with dates on which Dr. Nelson would be available for deposition. Three weeks later, counsel for Dr. Nelson still has not provided the undersigned with any such dates.

Doc. #9-22 at 1.

Nelson was ultimately deposed on July 15, 2020. Doc. #9-25. On September 2, 2020, the circuit court judge signed an agreed order executed by counsel for Roberson and Nelson which dismissed Nelson without prejudice. Doc. #9-28. The order was filed on September 9, 2020. *Id.*

2

On October 6, 2020, Respironics, alleging diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi.[1] Doc. #1. Three weeks later, Roberson filed a motion to remand on the ground that removal was untimely. Doc. #5. Respironics responded in opposition on November 10, 2020, and Roberson replied on November 19, 2020. Docs. #8, #13.

## II
## Removal Considerations

28 U.S.C. § 1446(b)(3) provides that if at first a case is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." However, "[a] case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

"On a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. … Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Baker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (cleaned up).

## III
## Analysis

Respironics argues that this case became removable once Nelson was dismissed; that because of this, the notice of removal was timely filed within thirty days after Nelson's dismissal;

---

[1] The Court ordered Respironics to show cause for its failure to sufficiently allege its own citizenship. Doc. #14. In response, Respironics amended the notice of removal to cure the deficient allegations. Doc. #15.

3

and that the one-year time bar imposed by 28 U.S.C. § 1446(c) is inapplicable because Roberson "acted in bad faith and the original joinder was improper, precluding a defendant from removing the action." Doc. #1 at ¶¶ 3, 6. Roberson responds that § 1446(c) applies and that Respironics "appears to conflate the bad-faith exception to the one-year removal limitation … with the improper joinder standard." Doc. #6 at 5. Respironics replies that it "can either demonstrate improper joinder or demonstrate Plaintiff's litigation conduct was meant to defeat removal" in order to overcome § 1446(c)(1)'s one-year removal limitation. Doc. #8 at 6.

### A. Improper Joinder in the Context of Bad Faith

In arguing that improper joinder precludes application of § 1446(c), Respironics relies on a quote from *Hoyt v. Lane Construction Corporation*, in which the Fifth Circuit noted that "the district court found the Hoyts acted in bad faith by improperly joining Storm (which prevented complete diversity and hence precluded removal)." 927 F.3d 287, 292 (5th Cir. 2019). This, however, was not a holding. Rather, it was a characterization of the district court's opinion, and not even an accurate one. Indeed, neither the district court nor the Fifth Circuit conducted an improper joinder analysis when discussing the issue of bad faith. Thus, even in the wake of *Hoyt*, courts in this circuit have held that the improper joinder doctrine does not implicate § 1446(c)'s bad faith. *See, e.g., TK Trailer Parts, LLC v. Long*, No. 4:20-cv-2864, 2020 WL 6747987, at *5 (S.D. Tex. Nov. 2, 2020). This is consistent with the decisions from district courts in other circuits. *See, e.g., Somera Cap. Mgmt., LLC v. Twin City Fire Ins. Co.*, No. 20-4277, 2020 WL 3497400, at *2 (C.D. Cal. June 29, 2020) ("The bad faith exception [is] distinct from the doctrine of fraudulent joinder."); *Massey v. 21st Century Centennial Ins. Co.*, No. 2:17-cv-1922, 2017 WL 3261419, at *3 (S.D.W.V. July 31, 2017) ("Plaintiff confuses the bad faith standard with the standard for proving fraudulent joinder."). Thus, Roberson is correct that Respironics seems to

4

conflate the bad faith exception to § 1446(c)(1)'s time bar with the improper joinder standard. The key question here is whether Respironics' removal to federal court was timely. For this case to be properly removed, Respironics must prove that Roberson acted in bad faith in an attempt to prevent removal.

### B. Bad Faith Analysis

Although "the Fifth Circuit has not settled on a clear standard for determining 'bad faith' under § 1446(c)," district "courts in the Fifth Circuit have focused their inquiry on whether the plaintiff's conduct indicates manipulation of the removal statute." *Flores v. Intex Recreation Corp.*, No. 2:20-CV-73, 2020 WL 6385679, at *2 (S.D. Tex. July 2, 2020) (collecting cases). In considering this issue, "the question is what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct [was] meant to prevent a defendant from removing the action." *Hoyt*, 927 F.3d at 293 (quotation marks omitted).

As the removing party, Respironics has the burden of showing Roberson acted in bad faith. *Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). "In general[,] a determination of bad faith is subject to a high burden, and courts are reluctant to find a party acted in bad faith without clear and convincing proof." *TK Trailer Parts*, 2020 WL 6747987, at *5 (quotation marks omitted).

As observed by the district judge in *Flores*, when determining bad faith in *Hoyt*, the Fifth Circuit discussed the plaintiffs' knowledge that evidence would not support the claims against the non-diverse defendant; the timing of the dismissal relative to the one-year bar; whether the plaintiffs had received consideration for their dismissal of the non-diverse defendant; and the way the plaintiffs pursued the claims against the non-diverse defendant. 927 F.3d at 292–93.

5

### 1. Plaintiff's knowledge

Roberson argues that when he filed the complaint, he believed Nelson prescribed the oxygen concentrator to Lartheridge and that he included the claim against Nelson "in order to combat Respironics' anticipated learned intermediary defense,"[2] which Respironics ultimately asserted in its answer. Doc. #13 at 11. He further argues that the negligence claim against Nelson was made in good faith "after consultation with an expert qualified to give testimony as to the standard of care or medical negligence at issue in this case" and that it was not until after Nelson's deposition on July 15, 2020—at which it was revealed that Nelson had not prescribed the oxygen concentrator to Lartheridge—that he became aware the facts did not support the negligence claim against Nelson. Doc. #6 at 6.

Respironics does not dispute that Roberson only learned of the facts leading to Nelson's dismissal at the time of the deposition, and the record does not reflect otherwise. Accordingly, Roberson's lack of knowledge that evidence would not support the claim against Nelson weighs against a finding of bad faith.

### 2. Pursuit of claim against non-diverse defendant

Respironics asserts that Roberson half-heartedly pursued the claim against Nelson because (1) a hearing on Nelson's motion to dismiss was never held; (2) Roberson "did not propound written discovery on Dr. Nelson, did not file a Motion to Compel Dr. Nelson's deposition, and did not seek to depose Dr. Nelson until after the 1-year time bar expired;" (3) Roberson's designated expert produced adverse opinions against Nelson "[w]ithout knowing what

---

[2] "The learned intermediary doctrine … holds that pharmaceutical companies are required to warn only the prescribing physician of dangers inherent in its products because the prescribing physician acts as a learned intermediary between the manufacturer and the consumer. This doctrine has been extended to insulate from liability the manufacturers of medical devices available through physicians." *Moore ex rel. Moore v. Mem'l Hosp. of Gulfport*, 825 So. 2d 658, 662 n.6 (Miss. 2002) (cleaned up).

information/documentation was provided to patient by Dr. Nelson [and] without any benefit of Dr. Nelson's deposition;" and (4) Roberson's direct examination of Nelson "consisted of a mere 21 pages of content, including background information, and re-direct examination was only 2 pages of content." Doc. #8 at 10–11. Roberson responds that the litigation conduct Respironics identified does not show he intended to manipulate the removal statute. Doc. #12 at 10. The Court agrees.

While Roberson propounded written discovery on Respironics, he did not do the same for Nelson. Roberson has provided no explanation for this decision or for the timing of Nelson's deposition.[3] It may be questionable why Roberson waited until approximately three weeks after the one-year bar went into effect to request Nelson's deposition, especially because the clarification of whether Nelson prescribed the oxygen concentrator (and not just 2L nasal $O_2$ as Nelson admitted in his answer)[4] formed the basis of the negligence claim against Nelson. Written discovery seemingly could have been an avenue for Roberson to learn sooner that Nelson did not prescribe the oxygen concentrator.

However, the state court scheduling orders reflect that the discovery period extended through June 1, 2021.[5] *See* Doc. #9-27. At the time of Nelson's deposition on July 15, 2020, the discovery deadline was January 1, 2021, so Roberson had approximately five months to propound written discovery on Nelson if he so chose. That Roberson chose to proceed with Nelson's

---

[3] As mentioned above, in a motion for an extension of deadlines, Roberson represented that he had been "unable to conduct depositions subsequent to receiving Respironics' discovery responses due to the coronavirus pandemic." Doc. #9-22 at 1.

[4] In paragraph 5 of the complaint, Roberson alleged that the oxygen concentrator was prescribed to Lartheridge by Nelson. Doc. #2 at 2. Nelson's answer admitted that he ordered "2L nasal O2" and denied "[a]ll remaining allegations of paragraph 5." Doc. #9-4 at PageID 375.

[5] The first discovery deadline was set for June 28, 2020. Doc. #9-16. On March 31, 2020, that deadline was extended to January 1, 2021. Doc. #9-18. On August 25, 2020, it was extended to June 1, 2021. Doc. #9-27.

deposition first is dispositive of nothing. The discovery methods a party employs, and the order in which those methods are employed, is left to that party.[6] There is no requirement that a party first utilize one method before another. *See* Fed. R. Civ. P. 26(d)(3) ("Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interest of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery.").

For similar reasons, the length of Roberson's deposition examination of Nelson does not in and of itself suggest bad faith. And to the extent a hearing on Nelson's motion to dismiss was never held, Roberson should not be held to have acted in bad faith when it is generally the duty of the movant—here, Nelson—to pursue his own motion to resolution.[7]

Where Respironics has not presented clear and convincing proof that Roberson's conduct was meant to prevent the case from being removed, this Court declines to second guess Roberson's litigation strategies. Roberson ultimately obtained the necessary information through Nelson's deposition, which was conducted well before the end of the discovery period. For these reasons, the pursuit-of-the-claims factor weighs against a finding of bad faith.

### 3. Timing of dismissal

Because Roberson filed the complaint in state court on April 29, 2019, § 1446(c)'s one-year time bar required removal on or before April 29, 2020. Roberson voluntarily dismissed Nelson on September 2, 2020—approximately four months after the one-year bar. In contrast, the

---

[6] The scheduling orders also reflect that Roberson designated his expert witness on the June 1, 2020, due date. *See* Docs. #9-18, #9-21. Roberson may have chosen to file the expert designation without the benefit of Nelson's deposition to comply with the scheduling order in place at that time instead of requesting an extension, which again, was his choice to make.

[7] Rule 2.04 of Mississippi's Uniform Civil Rules of Circuit and County Court Practice, which applied when this case was pending in state court, provides, "It is the duty of the movant, when a motion or other pleading is filed, … to pursue said motion to hearing and decision by the court. Failure to pursue a pretrial motion to hearing and decision before trial is deemed an abandonment of that motion."

8

*Hoyt* plaintiffs dismissed the non-diverse defendant one year and two days after suit began. It cannot be said that a lapse of four months indicates an attempt to manipulate the removal statute. Accordingly, such timing weighs against a finding of bad faith.

### 4. Consideration for dismissal

Respironics argues that Roberson "makes no mention of any settlement in his Motion to Remand" and that "there is no proof or mention of Dr. Nelson providing any consideration in exchange for a dismissal *without* prejudice." Doc. #8 at 13. Roberson did not address this contention in his reply. But a review of the record indicates no evidence that any consideration was provided, which, in the context of *Hoyt*, would weigh in favor of a finding of bad faith. However, unlike the *Hoyt* plaintiffs, Roberson indisputably did not learn the claim against Nelson was unsupported until after the one-year time bar lapsed; in other words, he did not keep Nelson as a defendant knowing the claims against Nelson were unsupported only to dismiss him "for free" after one year. It cannot be said that a plaintiff who dismisses a non-diverse defendant without consideration due to no longer having a valid claim against him automatically weighs in favor of a finding of bad faith. Because the Court finds Roberson had a valid reason for dismissing Nelson without consideration, the lack of consideration weighs against bad faith.

### 5. Summary

Based on the discussion above, the Court concludes that Roberson did not keep Nelson in this case for the sole purpose of preventing removal during § 1446(c)'s one-year removal period.[8] Accordingly, remand is warranted.

---

[8] Roberson makes an additional untimeliness argument—that before Nelson was dismissed, Respironics could have alleged improper joinder before § 1446(c)'s one-year removal period expired because Respironics could have removed the case when Nelson filed his motion to dismiss. Doc. #6 at 6–7. If a case is not removable as stated by the initial pleading, a defendant may remove the case within 30 days after receipt of a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

9

## IV
## Conclusion

Roberson's motion to remand [5] is **GRANTED**. This case is **REMANDED** to the Circuit Court of Bolivar County, Mississippi.

**SO ORDERED**, this 28th day of May, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

28 U.S.C. 1446(b)(3) (emphasis added). However, this argument by Roberson need not be addressed given the Court's findings above.